LaraMOre, Judge,
delivered the opinion of the court:
Plaintiff sues to recover his pay and allowances which he alleges were due him for the period he was illegally confined in prison and while he was a first sergeant in the U. S. Marine Corps.
The facts in this case have been stipulated and are summarized as follows. Plaintiff in 1946, while serving as a first sergeant in the IT. S. Marine Corps, was found guilty by a general court-martial of the following charges:
I. Drunkenness.
II. Burglary.
III. Assault with intent to commit rape.
IY. Scandalous conduct tending to the destruction of good morals.
Plaintiff was sentenced to confinement for a period of 10 years in a United States naval prison, reduction to the rank of private, dishonorable discharge from the U. S. Naval Service, and to suffer the accessories of the sentence as provided in section 622, Naval Courts and Boards.
On review by the Acting Secretary of the Navy the sentence was reduced to five years confinement and accessories. After serving approximately 19 months of his sentence, the unex-ecuted portion was remitted and plaintiff was subsequently discharged under conditions other than honorable. Thereafter, plaintiff filed a petition in accordance with section 12 of the Act of May 5, 1950, 64 Stat. 107, 147, with the *195 office of the Judge Advocate General on the ground that an injustice resulted from his court-martial conviction. Plaintiff in that petition requested (1) vacation of the sentence; (2) restoration of his rights, privileges and property affected by the sentence; and (3) an honorable discharge, or in lieu thereof, a form of discharge authorized for administrative issuance other than undesirable.
The Judge Advocate General of the Navy granted in part the relief requested. Under heading (1) he set aside the proceedings and findings under charge II and so much under charge III as was in excess of unlawful assault. He granted no relief requested under headings (2) and (3).
Plaintiff then made application to the Board for Correction of Naval Eecords for correction of his undesirable discharge and reduction in rank and payment of any amount found to be due on account of the alleged injustice, unlawful conviction, and illegal confinement. The Board changed plaintiff’s records to show that he was separated from the naval service as a first sergeant and changed his discharge to a general discharge by reason of disability. He was subsequently awarded an honorable discharge by the Marine Corps.
The Board for Correction of Naval Eecords on October 27, 1953, sent plaintiff a claim form, the subject of which claim was for all monetary benefits due by reason of correction of his Marine Corps record. This claim form was duly signed by plaintiff and forwarded to the Commandant of the Marine Corps, Department of Navy, Washington, on November 3,1953.
On February 15, 1954, plaintiff received a check from the U. S. Marine Corps, Claims Section, in the amount of $909.90, covering the following items:

Monetary Benefits Due under PL 220

Mustering Out Pay-$300.00
UnLv 60 days 1st Sgt (15) @ $206.25 per month_ 412.50
UnLv Subs 60 days @ 70$ per diem_ 42. 00
Travel from place of dis MB USNB NY Brooklyn, N. Y. to place of acceptance for enlistment (Acc for enl New Zealand Wellington) nearest port of entry Wilmington, Calif. 3,108 miles @ 5$ per mile_ 155.40
Total_ 909. 90
*196 No payment was included for the time he was in prison. Said check was returned to the Claims Section and timely request was made for the first sergeant’s pay plaintiff lost by reason of the fact that he was not paid during the period he was confined by naval authorities. This request was denied, and the check is still with the U. S. Marine Corps. This suit resulted.
Exhibit A to the stipulation of facts recites that trial was had on September 16, 1946,[1] and plaintiff sentenced to be reduced in rank to private, to be confined for a period of 10 years, to be dishonorably discharged from the U. S. Naval Service, and to suffer all the other accessories of said sentence as prescribed by section 622, Naval Courts and Boards.
Section 622, Naval Courts and Boards (1937), at page 300, provides as follows:
(24) Meaning of “other accessories of said sentence.” — The. words “other accessories of said sentence” when used in the sentence of a general court-martial in the case of an enlisted man shall be understood to include the following: (a) The person so sentenced shall perform hard labor while confined pursuant to such sentence; and (5) after his accrued pay (and allowances, in the case of an enlisted man of the Marine Corps) shall have discharged his indebtedness to the United States at the date of approval of such sentence shall forfeit all pay (and allowances, in the case of an enlisted man of the Marine Corps sentenced to dishonorable or bad-conduct discharge) that may become due him during a period equivalent to the term of such confinement (or if sentenced to dishonorable or bad-conduct discharge, during his current enlistment), except the following sums, which are exempt from forfeiture in the amounts and for the purposes stated: Allowance for necessary prison expenses during confinement, at the rate of $3.00 per month from date of conviction; gratuity of $25.00 payable upon discharge, if discharged from the prison pursuant to such sentence with dishonorable or bad-conduct discharge, if the prisoner so discharged would otherwise be without funds to meet his immediate needs; purchase price of civilian clothing outfit furnished upon discharge if the prisoner would otherwise *197 be unprovided with suitable clothing; cost of transportation, with subsistence and transfer en route, furnished upon discharge to his home or place of enlistment.
It is apparent from the above that conviction and confinement carried with it forfeiture of pay and allowances. Later, the unexpired portion of plaintiff’s sentence was remitted and he was on April 21, 1948, given a discharge under conditions other than honorable.
When, on October 26, 1953, the Board for Correction of Naval Records ordered that plaintiff’s record be corrected to show he was separated from the service as a first sergeant, and that his undesirable discharge be changed to a general discharge by reason of disability, they said nothing about forfeiture of pay and allowances. That portion of the record still stands, and it is not for this court to set it aside. The sentence of a court-martial with jurisdiction over the person is final and conclusive and may not be collaterally attacked. Sima v. United States, 119 C. Cls. 405, 425.
Furthermore, the Correction Board only ordered that plaintiff’s record be corrected to show he was separated as a first sergeant. The Marine Corps obviously exceeded its authority when it (as shown on the back of the general discharge given plaintiff) stated “Rank held on discharge: First sergeant, 1 February 1942.”
In‘any event, since there is no allegation present in this case that the Correction Board was arbitrary in not correcting the record to show “no pay and allowances forfeited,” this court could do nothing about it. Plaintiff’s petition is dismissed.
Madden, Judge; Whitaeek, Judge; Littleton, Judge; and JoNEs, GMef Judge, concur.
FINDINGS OF FACT
The court, having considered the facts as stipulated by the parties, and the briefs and argument of counsel, makes findings of fact as follows:
1. On September 24, 1946, the plaintiff held the rank of first sergeant in the U. S. Marine Corps having been a first sergeant since February 1, 1942.
*198 2. On September 18, 1946, plaintiff was tried by general court-martial at tbe U. S. Naval Receiving Station, Washington, District of Columbia, by order of the Commandant, Potomac River Naval Command, on the following charges and specifications: (1) drunkenness to which the accused pleaded guilty; (2) burglary (which was denied by the accused) ; (3) striking with intent to commit rape (which the accused denied) ; (4) scandalous conduct tending to the destruction of good morals (which the accused denied).
3. Plaintiff was convicted of all charges (the court-martial substituting “assault with intent to commit rape” for “striking with intent to commit rape”). The court-martial sentenced the accused to be reduced to the rank of private, to be confined for a period of ten years, to be dishonorably discharged from the TJ. S. Naval Service, and to suffer all other accessories of said sentence as prescribed by section 622, Naval Courts and Boards.
4. On May 6, 1947, the Acting Secretary of the Navy set aside the findings based upon the charge of scandalous conduct tending to the destruction of good morals and reduced the sentence to five years’ confinement and accessories, but otherwise affirmed the sentence of the general court-martial.
5. On January 29,1948, the Acting Secretary of the Navy approved the recommendations of the Naval Sentence Review and Clemency Board to remit the unexecuted portions of the sentence, and to substitute an administrative discharge under conditions other than honorable. A Board of Medical Survey, on February 27, 1948, recommended that plaintiff be transferred to a Veterans’ Administration facility and then discharged from the naval service by reason of physical disability. On March 5, 1948, the recommendation of the Board of Medical Survey was approved by the Bureau of Medicine and Surgery. The Acting Secretary of the Navy, on March 30,1948, directed plaintiff’s discharge in accordance with the action ordered by the Naval Sentence Review and Clemency Board and on April 21, 1948, he was discharged under conditions other than honorable. Plaintiff was imprisoned in the U. S. Naval Prison Naval Base, Portsmouth, *199 New Hampshire, from the time of his conviction until either February or March 1948, when he was transferred to a Veterans’ Administration facility prior to discharge.
6. On January 12,1953, plaintiff filed with the Department of the Navy, Office of the Judge Advocate General, a petition for relief under section 12 of the Act of May 5,1950, supra, upon the ground that an injustice had resulted from the findings and sentence of the general court-martial. Plaintiff, in that petition requested (1) vacation of the sentence, (2) restoration of his rights, privileges and property affected by the sentence, and (3) substitution for the discharge previously executed, an honorable discharge, or in lieu thereof, a form of discharge authorized for administrative issuance other than undesirable.
7. The Judge Advocate General of the Navy following a review under the provisions of said section 12 of the Act of May 5,1950, supra., and by decision dated March 12,1953, held as follows in paragraphs 14 and 16 of his decision:
14. The provisions of Section 12 of the Act of May 5, 1950, and Executive Order 10190, in implementation thereof, require that in order for relief to be granted, information presented to the Judge Advocate General must establish affirmatively that an injustice has resulted from the findings and sentence. From all the facts before me, including the record of trial, the service record of the petitioner, the petition and brief in support thereof, I am of the opinion that an injustice has resulted. Accordingly, the findings of guilty of Charge II, Bur- - glary, and the specification thereunder, are set aside; and, so much of the court’s findings of guilty of Charge III, Assault with Intent to Commit Nape as adjudged guilty in excess of Unlawful Assault, is hereby vacated. Section 12 provides that the Judge Advocate General may in his discretion “substitute for a dismissal, dishonorable discharge, or bad conduct discharge, previously executed, a form of discharge authorized for administrative issuance * * However, in this case the Secretary of the Navy, on January 29,1948, remitted the dishonorable discharge and substituted in lieu thereof, an administrative discharge under other than honorable conditions; therefore, the Judge Advocate General is without authority under Section 12 to substitute another type of administrative discharge in lieu of the *200 one given. The action taken herein does not preclude the petitioner from making an application to the Board for Correction of Naval Eecords for such further relief as may be appropriate.
16. The relief requested in the petition is granted to the extent that the proceedings and findings on Charge II and the specification thereunder are set aside; and so much of the court’s findings of guilty on Charge III, as to Assault with Intent to Commit Eape as adjudged guilty in excess of Unlawful Assault is hereby vacated; however, the request that an administrative discharge under honorable conditions be issued in lieu of an administrative discharge under other than honorable conditions is denied for the reasons hereinbefore set forth.
According to Naval Courts and Boards, drunkenness, not on duty, carried a maximum punishment of three months’ confinement, and unlawful assault carried a maximum punishment of three months’ confinement. Conviction under Charge I, drunkenness, and under Charge III as modified, unlawful assault, if adjudged in the first instance would not support a sentence of 19 months’ confinement and loss of pay and allowance for that period. Conviction under those charges, would, however, support a sentence of six months’ confinement, reduction to the lowest enlisted rating and loss of pay and allowances for six months, if the sentences imposed ran consecutively rather than concurrently.
8. Based upon the decision of the Judge Advocate General of the Navy set forth above in finding 7, an application was made by plaintiff in April 1953, to the Board for the Correction of Naval Eecords, for correction of said undesirable discharge and reduction in rank and payment of any amount found to be due on account of the injustice alleged, unlawful conviction, and illegal confinement.
9. It was the decision of the Board for Correction of Naval Eecords, dated October 27, 1953, that there was a definite error and injustice in plaintiff’s case, and it was ordered that plaintiff’s naval records be corrected to show that he was separated from the naval service as a first sergeant, and it was further ordered that his undesirable discharge be changed to a general discharge by reason of disability, in accordance with Marine Corps Manual, Article 10268.
*201 10. As a result of tbe actions taken by the Judge Advocate General of the Navy and the Board for Correction of Naval Kecords of the U. S. Marine Corps, the U. S. Marine Corps issued a general discharge under honorable conditions, dated April 21,1948.
11. On October 27,1953, the said Board for Correction of Naval Becords sent plaintiff a claim form addressed to the Commandant of the Marine Corps, Department of the Navy, Washington, the subject of which claim was for all monetary benefits due by reason of correction of his Marine Corps record, pursuant to the Act of October 25,1951, 65 Stat. 655. This claim form was duly signed by plaintiff and forwarded on November 3,1953, to said Commandant.
12. On February 15, 1954, plaintiff received a check from the IT. S. Marine Corps, Claims Section, in the amount of $909.90, covering the following items:

Monetary Benefits Due under PL $20

Mustering Out Pay-$300. 00
UuLv 60 days 1st Sgt (15) @ $206.25 per month- 412..50
UnLv Subs 60 days @ 70(í per diem- 42. 00
Travel from place of dis MB USNB NY Brooklyn, N. Y. to place of acceptance for enlistment (Acc for enl New Zealand Wellington) nearest port of entry Wilmington, Calif. 3108 miles @ per mile_ 155.40
Total_ 909.90
No payment was included for the time plaintiff was confined by naval authorities from September 18,1946, to April 21, 1948. The check was returned to said Claims Section, and timely request made for the first sergeant’s pay plaintiff lost by reason of the fact that he was not paid during the period he was confined by naval authorities. This request was denied, and the check is still with the U. S. Marine Corps.
CONCLUSION OP LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is not entitled to recover, and his petition is therefore dismissed.
It is so ordered.

 Tile court-martial record shows the date of court-martial as Sept. 16, 1946. The Judge Advocate General, acting on plaintiff’s petition, refers to the date as Sept. 18, 1946.